J-S81004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY A. KOCH | |
| Appellant | No. 1011 MDA 2018 |

Appeal from the PCRA Order Entered May 30, 2018
In the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0001759-2016

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

Appellant Ashley A. Koch appeals from the May 30, 2018 order entered in the Court of Common Pleas of Schuylkill County ("PCRA court"), which denied her request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under *Turner*/*Finley*.[1]  Upon review, we affirm and grant counsel's petition to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, following a negotiated guilty plea for criminal mischief, 18 Pa.C.S.A.

---

[*] Former Justice specially assigned to the Superior Court.

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

§ 3304(a)(5),[2] the trial court, on February 22, 2017, sentenced Appellant to eighteen months' probation and ordered her to pay $18,157.30 in restitution jointly and severally with her co-defendant, Sticker.  Appellant executed a written guilty plea colloquy, indicating that she understood the terms of her negotiated plea agreement and that it was her own decision to plead guilty.  *See* Written Colloquy, 1/27/17, at 1-6.  She also specifically indicated that she was satisfied with the representation and advice of trial counsel.  *Id.* at ¶ 27.

Appellant violated probation.  As a result, on October 4, 2017, following a probation revocation hearing, the trial court re-sentenced Appellant to eighteen months' probation.

On February 21, 2018, Appellant filed the instant PCRA petition, alleging ineffective assistance of counsel.  Appellant sought to have her restitution sentence reduced.  Appellant claimed her restitution amount was excessive because Sticker withdrew his guilty plea, proceeded to a jury trial, and was found by a jury to have caused damage of more than $1,000.00 but no more than $5,000.00.[3]  In other words, because Sticker was ordered only to pay

---

[2] Appellant, along with her boyfriend and co-defendant, Ronald Sticker, trashed and damaged a cabin located at Echo Valley Campground. Specifically, Appellant agreed that she damaged the cabin deck, and caused damage inside the cabin, including walls, floors, baseboards, doors, interior and exterior furniture, appliances, an electric fireplace, drapes, bedding, TV screen, hot water heater, ceiling fan, lights, oil painting, air conditioning switches, receptacles, and thermostats.  *See* N.T. Guilty Plea, 2/22/17, at 8-9.

[3] The trial court also sentenced Sticker to state prison.

- 2 -

$4,999.00 in restitution, Appellant claims she should not be liable for the full $18,157.30. The PCRA court appointed counsel. Following a hearing, at which trial counsel testified, the PCRA court denied Appellant relief on May 30, 2018. Appellant timely appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On October 4, 2018, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, once again asserting the restitution issue.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

> (1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), **overruled in part by Pitts**).

- 3 -

We find that PCRA counsel has complied with **Turner**/**Finley**. PCRA counsel has filed an application to withdraw and filed a **Turner**/**Finley** no-merit letter. Finally, PCRA counsel informed Appellant of her right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Widgins**, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Here, Appellant argues that her trial counsel was ineffective because he did not explain to her what it meant to be jointly and severally liable and failed to inform her of Sticker's withdrawal of his guilty plea prior to her entering into the negotiated guilty plea. We disagree.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A.

- 4 -

§ 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citations omitted) (internal quotation marks omitted). Furthermore, a defendant "is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citation omitted).

Instantly, our review of the record reveals that Appellant's ineffectiveness claim lacks merit. As the court found, at the PCRA hearing, Appellant's trial counsel credibly testified that "he had reviewed the Commonwealth's evidence with respect to the amount of damages and negotiated the eighteen month probationary sentence." PCRA Court Opinion, 6/25/18, at 2 (unpaginated) (unnecessary capitalization omitted). The Commonwealth's original offer was nine to eighteen months in a state

correctional institution. *Id.* Moreover, the PCRA court found that trial counsel credibly

> testified that ***before*** [Appellant] entered her plea before the court, [she] was informed that Sticker withdrew his plea and had chosen to go to trial. Nevertheless, [Appellant] insisted on entering her plea pursuant to the plea agreement she had negotiated. [Appellant] interprets the term "jointly and severally" as synonymous with "equally." However, the plea memorandum and sentencing order do not provide for equal payments of the restitution amount.[4]

*Id.* (emphasis added). Additionally, at the PCRA hearing, when asked whether joint and several liability means that "either party can be responsible for the full amount[,]" Appellant's trial counsel testified that "whenever we get into the joint and several liability territory, I always advise my clients that that is a possibility that if the person who they're joint and severally liable with does not pay, they're on the hook for the full everything." N.T. PCRA Hearing, 5/23/18, at 16.

Interestingly, as the PCRA court found, after pleading guilty, Appellant proceeded to testify at Sticker's trial as a defense witness. According to the PCRA court, Appellant assumed responsibility for the damage caused to the cabin by stating, "I trashed the trailer." PCRA Court Opinion, 6/25/18, at 1. In other words, she "essentially exonerated Sticker from doing the damage and testified she had done so because "I was pissed!'" *Id.* at 2.

---

[4] At sentencing, the trial court remarked, "You'll pay the costs, serve 18 months probation and pay the supervision fee and you have restitution of $18,157.30 that is ***joint and several*** with Ron Sticker[.]" N.T. Guilty Plea, 2/22/17, at 9 (emphasis added).

Based on the foregoing, we conclude that Appellant's ineffectiveness claim lacks merit. Trial counsel advised Appellant that Sticker had withdrawn his guilty plea. Despite this knowledge, Appellant insisted on entering into the negotiated guilty plea. Furthermore, trial counsel informed Appellant that joint and several liability does not mean equal. Indeed, the guilty plea memorandum and sentencing order confirm that restitution was not equal but rather that Appellant was jointly and severally liable for $18,157.30 in restitution. The fact that Sticker's restitution is capped at $4,999.00 does not change the nature of Appellant's guilty plea because she agreed to be responsible for the full amount of restitution jointly and severally. Even assuming that Sticker had been ordered to pay $18,157.30 jointly and severally with Appellant, Appellant would still be liable for the full amount if Sticker, at any time, failed to make the necessary payments.

PCRA counsel has complied with ***Turner***/***Finley***. We independently have reviewed the record, and we are convinced that no meritorious appellate issues exist.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019